UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GHULAM NASIM, ETC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1447** |
| **KATHLEEN BLANCO, ET AL** | **SECTION "K"(3)** |

### ORDER AND OPINION

Before the Court is the "Plaintiff's Motion for Rehearing To Vacate Order of Dismissal to U.S. Army Corps of Engineers" filed on behalf of Ghulam Nasim. After reviewing the pleadings, memoranda, transcript of the hearing held March 6, 2007, and relevant law, for the following reasons the Court denies the motion.

Plaintiff urges this Court to reconsider the March 6, 2007, order of Judge Frank J. Polozola dismissing plaintiff's claims against the United States Army Corps of Engineers ("Corps").[1] Judge Polozola dismissed plaintiff's claims against the Corps for the following reasons:

- Plaintiff failed to exhaust his administrative claims against the Corps as required by the Federal Tort Claims Act, 28 U.S.C. §2675(a);
- The Equal Protection Clause of the 14th Amendment to the Constitution does not apply to the United States and its agencies;

---

[1] Plaintiff filed this case in the United States District Court for the Middle District of Louisiana where it was allotted to Judge Polozola. Judge Polozola transferred the case to this district after concluding that the United States District Court of the Eastern District of Louisiana was the proper forum for the suit. (Doc. 1-14).

- *Bivens*[2] actions are not permitted against a federal agency such as the Corps;
- The Americans with Disability Act, 42 U.S.C. 1212(a) ("ADA") is inapplicable because there was no employment agreement between plaintiff and the Corps;
- The facts of the case do not justify a suit under the ADA, even under the most liberal interpretation of the ADA; and
- Because the record does not demonstrate that the Attorney General of the United States and the proper United States Attorney's office have been served as required by Federal Rule of Civil Procedure 4, there was insufficient service of process.

Plaintiff asserts that he has properly served the Corps. In support of that contention plaintiff submits a copy of the Certified Mail Receipt establishing service on the Corps at its office in New Orleans. Service upon the Corps at its New Orleans office is insufficient service of process under the Federal Rules of Civil Procedure. Rule 4(i) of the Federal Rules of Civil Procedure mandates a three step process to accomplish valid service of process on an agency of the United States. The plaintiff must deliver

> a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney.

Fed.R.Civ.P. 4(i)(1)(A). Additionally, a copy of the summons and complaint must be sent "by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia." Fed.R.Civ.P. 4(i)(1)(B). The third step of the service of process procedure requires that

---

[2]*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

a copy of the summons and the complaint be sent to the agency by registered or certified mail. Fed.R.Civ.P. 4(i)(2)(A). The record indicates that plaintiff has satisfied only the third step of the process. Because plaintiff has failed to satisfy the remaining two prongs of the service of process procedure, the Court properly dismissed plaintiff's claims against the Corps.

Plaintiff also contends that his claims against the Corps should be reinstated because the Corps has "CONFESSED wrongdoing and admitted their liability for the drowning of City of New Orleans AFTER Hurricane Katrina . . . ." (Doc. 4, p. 1). Assuming *arguendo* that plaintiff's assertion concerning the Corps admission of liability were true, that fact does not negate or override the previously cited reasons for dismissing plaintiff's claim against the Corps. Nor, contrary to plaintiff's contention, does this Court's decision in *Robinson v. United States*, C.A. No. 06-2268 (E.D. La. February 2, 2007) mandate reinstatement of plaintiff's claims against the Corps. That opinion addressed claims brought against the United States for acts and omissions by the Corps of Engineers; it did not address claims brought directly against the Corps. Moreover, claims brought under the Federal Tort Claims Act must be brought against the United States; federal agencies are not proper defendants in a suit brought under the Federal Tort Claims Act. 28 U.S.C. §2674: *Atorie Air, Inc. v. F.A.A. of U.S. Department of Transportation*, 942 F.2d 954, 957 (5th Cir.1991).

Additionally, plaintiff seeks reinstatement of his claims against the Corps urging that the "Federal Accountability Act of 2006"[3] is applicable to plaintiff's claims. Because the act referred to by plaintiff never became law, it cannot provide a basis for plaintiff's claims against the Corps.

The Court properly dismissed plaintiff's claims against the Corps of Engineers. Accordingly, the motion to vacate the March 6, 2007, order dismissing the claims against the Corps

---

[3] HR 6081[109th]: Federal Engineering Accountability Act of 2006.

of Engineers is DENIED.

    New Orleans, Louisiana, this 18th day of March, 2008.

                                                   STANWOOD R. DUVAL, JR.
                                            UNITED STATES DISTRICT JUDGE